THE STATE, Appellant, v. W. A. LONG.

Division Two, July 14, 1914.

1. DEALING IN OPTIONS: Sec. 4781, R. S. 1909: Repeal of Statutes. Section 4781, R. S. 1909, a part of the law against option dealing enacted in 1889, was not repealed by the enactment in 1907 of Sec. 4776, a part of the bucket-shop law. The sections have distinct offices to perform, and the enactment of the one had no effect upon the other.

2. ———: Sec. 4782, R. S. 1909: Repeal of Statutes. Section 4782, R. S. 1909, prohibiting the keeping of a place for option dealing, being practically the same as Sec. 3 of the bucket-shop law of 1887, the former superseded the latter, and the express repeal of Sec. 3 in 1903 did not operate as a repeal of Sec. 4782.

3. ———: Statutes: Constitutional. Sections 4780, 4781 and 4782, R. S. 1909, prohibiting dealing in options or the keeping of a place for that purpose, are constitutional.

Appeal from Randolph Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED.

*John T. Barker,* Attorney-General, *Ernest A. Green,* Assistant Attorney-General, and *Jerry M. Jeffries* for the State.

Repeals by implication are not favored and both sections are permitted to stand if it can be done on any reasonable construction, and it is the duty of the court to harmonize them if possible. State ex rel. v. Amick, 247 Mo. 271; State ex rel. v. Brodie, 161 Mo. App. 538; Decker v. Diemer, 229 Mo. 296; St. Louis v. Kellman, 235 Mo. 687; State v. Bratzer, 245 Mo. 499.

*Walter Bachrach, E. M. Harber* and *Whitecotton & Wight* for respondent.

(1) The statute under which the indictment is drawn was repealed by the passage of the Act of 1907 relating to bucketshops. A subsequent statute revising the whole subject of a former one, and evidently intended as a substitute for it, operates to repeal the former, although it contains no express words to that effect. State v. Shields, 230 Mo. 91; Meriwether v. Love, 167 Mo. 514; Manker v. Faulhauber, 94 Mo. 430; State v. Roller, 77 Mo. 120; State v. Summers, 142 Mo. 595; State v. Patterson, 207 Mo. 145; State v. Crane, 202 Mo. 54; U. S. v. Tynen, 11 Wall. 88; Murdock v. Memphis, 20 Wall. 590; U. S. v. Claflin, 7 Otto, 546; Tracy v. Tuffly, 134 U. S. 206; Murphy v. Utter, 186 U. S. 95; Soby v. People, 134 Ill. 66. (2) Where the subsequent statute makes the doing of an act a felony, which by the prior act was made a misdemeanor, such subsequent act impliedly operates to repeal the former. State v. Taylor, 186 Mo. 616; State v. Robertson, 159 S. W. 713; Sullivan v. People, 15 Ill. 233; People v. Cleary, 35 N. Y. Supp. 588; 36 Cyc. 1095. (3) A subsequent act necessarily repeals a prior one

when there is a conflict and repugnancy between the two, so clear that they cannot stand together. State v. Shields, 230 Mo. 91; State ex rel. v. Macon County, 41 Mo. 458; State ex rel. v. McDonald, 38 Mo. 535; State ex rel. v. Dolan, 93 Mo. 647; Manker v. Faulhauber, 94 Mo. 430; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Spencer, 164 Mo. 48; State v. Taylor, 186 Mo. 608.

ROY, C.—Defendant was indicted in twenty-five counts, of which eighteen are based on section 4782,

Criminal Law: Dealing in Options. Revised Statutes 1909, forbidding the keeping of an office, store or other place for the purpose of dealing in options. The other seven counts are based on sections 4780 and 4781 prohibiting dealing in options.

The defendant promptly moved to quash the indictment on the grounds that it did not charge any offense, that the statute on which it is based has been repealed, that the indictment and each count thereof are contrary to the Fourteenth Amendment of the Constitution of the United States, and to section 30 of article 2 of our State Constitution, in that it seeks to deprive defendant of his liberty and property without due process of law, that the indictment is contrary to section 10 of article 1 of the Constitution of the United States, and that different, separate, distinct and inconsistent offenses are alleged in the different counts. The motion to quash was sustained, and the State has appealed.

The bucket-shop law was enacted in 1887 and was amended in 1907. As thus amended it appears

Sec. 4781, R. S. 1909. as sections 4772 to 4779, inclusive, of the Revised Statutes. The statute against option dealing was enacted in 1889, and, with amendments not important to be discussed at this time, appears as sections 4780 to 4788 of the Revised Statutes.

Respondent seriously contends that section 4776 of the bucket-shop law, enacted in 1907, is almost verbatim the same as 4781 of the option-dealing law, enacted in 1889, and that the former section being later in date of enactment operates as a repeal of the latter. It should suffice to say that on its face section 4776 is a supplement to the four sections immediately preceding it. Those preceding sections are incorporated into it, and it has no force or effect except as modified by the four sections referred to. On the other hand, section 4781 is supplementary to the next preceding section. Thus sections 4776 and 4781 have distinct offices to perform and the enactment of one has no effect on the other.

II. Section 3 of the bucket-shop law of 1887 is practically the same as section 4782, Revised Statutes 1909, prohibiting the keeping of a place for option dealing. That section was expressly repealed by the bucket-shop law of 1907. Respondent contends that as those two sections are the same, the repeal of one was a repeal of the other. We think not and shall state our reasons.

Sec. 4782,
R. S. 1909.

As between section 3 of the bucket-shop law of 1887 and section 4782 of the Revised Statutes of the option dealing law, enacted, in 1889, the latter, being enacted last, would supersede the former and operate as a repeal thereof. No doubt the only reason for expressly repealing section 3 by the Act of 1907 was the fact that it had been superseded by section 4782 of our present statute.

All rules for the interpretation of statutes are merely for the purpose of discovering the legislative intent. We cannot believe that it was the legislative purpose to withdraw the ban against the keeping of an office, store or other place for dealing in options. If it was the purpose to repeal section 4782, Revised Statutes 1909, there should have been an amendment

of sections 4785 to 4788 inclusive, in which that section is expressly referred to by number.

II. Counsel for respondent have made no attempt to cite authority on the proposition that the law is unconstitutional. It was said in State v. Kentner, 178 Mo. l. c. 495, that such a contention is without merit.

**Constitutional.**

The judgment is reversed and the cause remanded for trial. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All concur, except *Faris, J.,* not sitting.

